IN The United States District Court in and
For The District of Delaware



Jerome B. Reed )
Petitioner )
)
VS )  CV Act No. 04-CV-326 G.M.S.
)
Tom Carroll et al, )
Respondent )
)
)

## Motion To Amend

Comes now, Jerome B. Reed, PRO·Se Petitioner filing this motion To Amend To Add The Following case Law To my supporting memorandum of Law Please Add The Following case Law To PAS #27 and #44 on ineffective assistance counsel.

Date: 8/19/05

Jerome B Reed
Jerome B. Reed
D.C.C.
1181 Paddock Road
Smyrna, DE 19977

Petitioner claims the jury entered a verdict contradictory to the evidence because the petitioner was found guilty of Robbery in the First Degree, possession of a deadly weapon during the commission of a felony, Kidnapping in the Second degree, Burglary in the Second Degree, theft felony, theft from a senior and criminal mischief.

The main issue in the First degree is that a weapon has to be used to commit the act of theft. The prosecution case fails altogether because the only weapon seen was the victims old shot gun which he claimed the robber looked at and put back. It can be determined the robber didn't have a weapon and the old man just didn't want any problem so he just gave the robber what ever he wanted, the victim also told the robber that he could take the gun but he didn't know if it worked therefore the state failed to prove a weapon was used in a crime. See U.S. vs. Diaz 248 F. 3d 1065.

Patrick Walton V. State of Delaware 821 A. 2d 871, 2003.
State of Delaware v. Alvin M. McKamey 2003 WL 22852614 (DEL. SUPER)
Hubert Marty Word V. State of Delaware, 801 A. 2d 927 2002.
Raheem Poteat V. State of Delaware, 840 A. 2d 599, 2003.

(27)

Petitioner further claims he was denied witnesses and a fair trial in accordance to the 6TH and 14TH amendment rights due to ineffective assistance of counsel.
In accord with, Wilson vs. Cowen
Gomez vs. Beto, 462 F. 2d 596 (5TH Cir. 1972);
DiGiovanni v. U.S., D.C. App. 580 A. 2d 123 (1990);
Fesser v. Lockhart, 9 F. 3d 722, 726 (8TH Cir. 1993);
by and through Ramseyer vs. Wood, 69 F. 3d 1432
(9TH Cir. 1995); Goodwin v. Balkcom, 684 F. 2d 794
(11TH Cir. 1982); Rhoden v. Morgan, 846 F. Supp.
598 (M.D. Tenn 1994). Lawrence v. Armontrott,
900 F. 2d 127, (8TH Cir. 1990) and also see...
U.S. v. Gray, 878 F. 2d 702 (3rd Cir. 1998)

Petitioner further claims he was denied the right to a fair trial because on Sept. 21, 2001, trial counsel requested an continuance because he was only on the case for 39 days and he didn't obtain the witnesses for the defense. A trial court abused it's descretion because it denied the trial counsel request for a continuance. See... U.S. v. Cronic, 104 S. Ct. 2045.
Ronald Rompilla v. Jeffrey A. Beard,
2005 WL 1421390

(-H-)

# Certificate of Service

I, _Jerome B. Reed_, hereby certify that I have served a true and correct cop(ies) of the attached: _Motion To Amend To Add the Following case Laws_ upon the following parties/person (s):

TO: _District court clerk_
_United State District court_
_844 King Street_
_Wilmington DELAWARE_
_19801_

TO: _Elizabeth Roberts McFarlan_
_Department of Justice_
_820 N. French Street_
_Wilmington DELAWARE_
_19801_

TO: _U.S. court of Appeal (3rd cir)_
_21400 U.S. Court house_
_601 Market Street_
_Philadelphia, PA_
_19106-1790_

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this _9_ day of _August_, 2005

_Jerome B. Reed_

Case 1:04-cv-00326-GMS   Document 26   Filed 08/11/2005   Page 5 of 5

I/M Jerome Reed
SBI# 00318410 UNIT 23, A-1-8
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE, 19977

To: Clerk peter T. Dalleo
To: District Court Clerk
United State District Court
844 King Street
Wilmington DELAWARE
19801



UNITED STATES POSTAGE
PITNEY BOWES
02 1A
0004395355   $ 00.83⁰
MAILED FROM ZIP CODE 19977
AUG 10 2005

1980143519 12

