In the United States Court of Appeals
for the Third Circuit

**ORIGINAL**

Jerome Reed,
    Petitioner Below
    Appellant,

v.

Thomas Carroll,
    Respondents Below
    Appellee

C. A. No. 05-3301

04-326 (GMS)

**FILED**
SEP 16 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Memorandum In Support of Notice of Appeal

The Delaware District courts review of Appellant's Habeas Corpus is limited by 28 U.S.C. §2254 (d)(1)(2)

### The Strickland v. Washington Standard of Review

The appellant contests he was denied his Sixth Amendment Right to effective assistance of counsel. The district court's decision is an issue debatable among jurists of reason.

### The Jury was contaminated by the Prosecutions contact before trial.

The issue of contamination of a jury is debatable among the circuits. U.S. v Connelly 341 F. 3d 16, 35 (1st Cir. 2003), Manly v Ambase Corp. 337 F. 3d 237, 350-53 (2nd Cir. 2003), U.S. v Hodge, 321 F. 3d 429, 440-41 (3rd Cir. 2002).

Therefore, the district courts analysis is clearly erroneous and in need of review this court.

1

On the United States Court of Appeals
For the Third Circuit

| | |
|---|---|
| Jerome Reed<br>Petitioner<br>Appellant<br><br>V.<br><br>Thomas Carroll Warden<br>Respondents<br>Below | C. A. No. 05-3301 |

## Notice of Appeal

B. Exhaustion and Procedural Default.

One Procedural requirement imposed is that, absent exceptional circumstances, a Federal court cannot grant Federal habeas relief unless the petitioner has exhausted all means of available relief under State Law. 28 U.S.C. § 2254(b): O'Sullivan v. Boerckel, 526 U.S. 838, 842, (1999): Picard v. Connor, 404 U.S. 270, 275 (1971). AEDPA. States, in Pertinent Part:

An application for Writ of Habeas Corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:

(A) the applicant has exhausted the remedies available in the courts of the State; or

B.(i) there is an absence of available state corrective process: or

(ii) circumstances exist that render available such process ineffective to protect the rights of the applicant.

<u>Erroneous Findings of District Court
Concerning Identification Issue</u>
The issue of identification is debatable
among the Circuit Court of Appeals.

The Sixth Amendment grants defendants certain rights during identification procedures. <u>U.S. v. Wade</u> 388 U.S. 218, 224 (1967).

The issue of identification is debatable among circuit court of appeals therefore is worthy of this courts jurisdiction. Clark v Caspari 274 F.3d 507, 511 (5th Cir. 2001) U.S. v. Bouthot, 878 F.2d 1506 (1st Cir. 1989), U.S. v. Wiseman 172 F.3d 1196 (10th Cir. 1999).

DATE: 9/14/05

V.T.Y
Jerome Reed





I/M Jerome Reed
SBI# 318410  UNIT 23,A-L-8
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

To District court clerk
United state District court
844 King street
Wilmington DELAWARE
19801

Legal Mail