In The United States Court of Appeals
For The Third Circuit

Jerome Reed,
   Petitioner Below
   Appellant,

V.

Thomas Carroll,
   Respondents Below
   Appellee

04-326

C. A. No. 05-3301

### Memorandum In Support of Notice of Appeal

The Delaware District courts review of Appellant's Habeas Corpus is limited by 28 U.S.C. §2254 (d)(1)(2)

### The Strickland v. Washington standard of Review

The appellant contests he was denied his sixth Amendment Right to effective assistance of counsel. The district court's decision is an issue debatable among jurists of reason.

### The Jury was contaminated by the Prosecutions contact before trail.

The issue of contamination of a jury is debatable among the circuits U.S. v Connolly, 341 F. 3d 16, 35 (1st Cir. 2003), Manly v Ambase Corp. 337 F. 3d 237, 350-53 (2nd Cir. 2003), U.S. v Hodge, 321 F. 3d 429, 440-41 (3rd Cir. 2002).

Therefore, the district courts analysis is clearly erroneous and in need of review this court.



FILED
SEP 30 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

On the United States Court of Appeals
for the Third Circuit

| | |
|---|---|
| Jerome Reed<br>    Petitioner Below<br>    Appellant<br><br>V.<br><br>Thomas Carroll warden<br>    Appellee<br>    Respondents Below | C. A. No. 05-3301 |

## Notice of Appeal

B. Exhaustion and Procedural Default.

One Procedural requirement imposed is that, absent exceptional circumstances, a Federal court cannot grant Federal habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842, (1999); Picard v. Connor, 404 U.S. 270, 275 (1971). AEDPA. States, in pertinent part:

An application for writ of Habeas Corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that:

2

(A) the applicant has exhausted the remedies available in the courts of the State; or

B.(i) there is an absence of available state corrective process; or

(ii) circumstances exist that render available such process ineffective to protect the rights of the applicant.

<u>Erroneous Findings of District Court Concerning Identification Issue</u>
The issue of identification is debatable among the circuit court of Appeals.

The Sixth Amendment grants defendants certain rights during identification procedures. <u>U.S. V. Wade</u> 388 U.S. 218, 224 (1967).

The issue of identification is debatable among circuit court of appeals therefore is worthy of this courts jurisdiction. Clark V Caspari 274 F. 3d 507, 511 (5th Cir. 2001) U.S. V. Bouthot, 878 F. 2d 1506 (1st Cir. 1989), U.S. V. Wiseman 172 F. 3d 1196 (10th Cir. 1999).

DATE: 9/14/05

V.T.Y.
Jerome Reed

# Certificate of Service

I, _Jerome Reed_, hereby certify that I have served a true and correct cop(ies) of the attached: _memoradum of support of notice of Appeal_ upon the following parties/person (s):

TO: _United State court of Appeals for the Third circuit 21400 United State court House 601 market street Philadelphia, P.A. 19106_

TO: _Delaware Department of Justice Elizabeth R. McFarlan 820 N. French St Wilmington DE. 19801_

TO: _Peter T. Dalleo, clerk U.S. District court Lockbox 19 844 N. King street Wilmington, DE 19801_

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this _28_ day of _September_, 2005

_Jerome Reed_

I/M Jerome Reed
SBI# 00318410 UNIT 23, A-L-8
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

$00.83
SEP 29 2005
MAILED FROM ZIPCODE 19977

To: Peter T. Dalleo, Clerk
U.S. District Court
844 N. King Street,
Lockbox 19, Wilmington
Delaware 19801