UNITED STATES COURT OF APPEALS
FOR THE Third CIRCUIT

JEROME B. REED

Plaintiff - Appellee,

v.

THOMAS CARROLL, WARDEN

Defendant - Appellant.

Case No. 05-4339

Application for Certificate of Appealability



RECEIVED OCT 12 2005 U.S. DISTRICT COURT DISTRICT OF DELAWARE

## NOTICE AND INSTRUCTIONS

Your application for a certificate of appealability will be evaluated by the court using these standards:

**Certificate of Appealability.** There must be a substantial showing of the denial of a constitutional right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. 28 U.S.C. § 2253(c); Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996).

**FAILURE TO SET FORTH FACTS AND ARGUMENTS SHOWING THAT YOU MEET THE APPROPRIATE STANDARD WILL SUBJECT YOUR APPEAL TO DISMISSAL WITHOUT FURTHER NOTICE.**

You may use this form to furnish a statement of the case, the issues you intend to raise on appeal, and the reasons your appeal meets the applicable standards. The form is intended to guide you in meeting the above standards. If you need more space to answer, additional pages may be attached. The information you furnish, together with the full record of the proceedings in the district court, will be the basis for this court's decision. You should bear in mind that an appeal is not a retrial, but rather a **review** of the district court's judgment and record of proceedings.

## APPLICATION

1. **Statement of the Case.** (This should be a brief summary of the proceedings in the district court.) In October 2001 a Delaware Superior Court convicted Mr. Reed of first degree robbery. PDW during commission of a felony. Second degree kidnapping. 2 counts of second degree burglary. Felony theft from a senior. And misdemeanor criminal mischief. Reed was sentenced as a habitual offender to 66 yrs. State v. Reed, 2004 WL 439802, at Del. Supreme ct. March 2nd 2004

2. **Issues to be Raised on Appeal.** (New issues raised for the first time on appeal generally will not be considered.) Ineffective assistance of counsel! Counsel did not have enough time to properly investigate Reed's counsel failed to communicate with Reed prior to trial or visit Reed at prison and he did not respond to Reed's letters. Counsel failed to file to suppress (victim) Bounds identification of Reed Counsel did not make any effort to develope any mitigating factors that would have reduced his sentence he did not locate and speak to any witnesses for Reed's defense

3. **Summary of Your Argument Showing that Your Appeal Meets the Standards Stated on Page 1.** The prosecutors conduct with the jury pool prior to trial violated Reed's sixth amendment and due process rights: there was insufficient evidence presented at trial to sustain a conviction. The victim who did not identify Reed at trial should not have been permitted to testify at trial. Defense counsel was ineffective at every stage of the proceedings including Reed's appeal.

4. Do you think the district court applied the wrong law? If so, what law do you want applied? Jury BIAS, MS, Stephanie Tsantes is a prosecutor she is not eligible to sit as a juror in a criminal case; the "appearance of impropriety" in having the prosecutor on the same jury panel. That failure of judge to postpone case violated 6th amendment right to a fair trial. And order a new trial

5. Did the district court incorrectly decide the facts? If so, what facts? facts that victim Mr. Cecil Bounds never identified Mr. Reed as the person who robbed him, and that there were 2 other witnesses who could provide an alibi Counsel knew the person Andrew "Stink" Johnson was wanted on a violation of probation in Del. and would be caught and brought to Del. And available for trial.

6. Did the district court fail to consider important grounds for relief? If so, what grounds? Counsel for defendant Mr. Thomas Barnett stated that this short amount of time to prepare for trial caused some problems with the case and failure of trial judge to grant continuance prejudiced Reed's right to a fair trial and effective assistance of counsel under 6th amendment of constitution

7. Do you feel that there are any other reasons why the district court's judgment was wrong? If so, what? The Superior Court of Georgetown Del. Dismissed one juror who had contact with the prosecutor the other jurors had contact with the prosecutor as well because they are all on the same jury panel/pool. The defendant shouldn't have been denied a new jury pool and/or new prosecutor to have a "fair trial" per 6th and 14th amendments

8. What action do you want this court to take in your case?
I want the 3RD Circuit Court of Appeals to address all my claims because I exhausted all my claims in my appeal at the Superior Court and Supreme Court of Georgetown DE. Rule 61 and Supreme Court DEL. on Appeal 422 2003

9. Were you required to seek and exhaust administrative remedies prior to filing your claim in district court? If yes, what steps did you take to exhaust those remedies? Yes
First Appeal No. 641 Direct Appeal Supreme Court Dover, Delaware Case #0101023931 First post conviction Relief No# 422 2003 filed June 4, 2003 Denied August 6, 2003. The Honorable E Scott Bradley. Superior Court of Dover Delaware No# 422 2003 Submitted; January 16 2004 Decided March 2, 2004

10/6/05
Date

Jerome B. Reed
Signature